Donna GALLIK, M.D., Plaintiff—
Appellant,

v.

UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS,
Defendant—Appellee.

No. 02–55294.
D.C. No. CV–01–04801–GHK.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2003.*

Decided Feb. 21, 2003.

Before HALL, THOMPSON, and
BERZON, Circuit Judges.

MEMORANDUM**

The sole issue on appeal is whether the district court properly found that Gallik's complaint rested solely on allegations of whistleblowing retaliation.[1]

The jointly-filed Report of Parties' Planning Meeting states that "[t]here is no dispute by the parties that [Gallik's] claims are solely grounded in allegations of whistleblowing." Similarly, the parties' joint brief regarding the government's motion to dismiss stipulates that Gallik's case "turns on allegations of whistleblowing," and expressly states that Gallik's complaint does not "come within the definition of 'mixed cases.' "

Gallik argues that the complaint's references to the Administrative Procedures Act ("APA"), 5 U.S.C. § 551, *et seq.*, provide a non-whistleblowing component to her cause of action. To the contrary, it is clear from the complaint that Gallik was attempting to argue that the APA provided an independent basis for subject matter jurisdiction over her *retaliation* claim. This passing reference to the APA thus does not remedy the absence of non-retaliation claims in Gallik's complaint.

To the extent that Gallik's appeal seeks to raise non-retaliation claims that were not raised with the district court, her effort is unavailing. This court has repeatedly held that issues not raised below are waived on appeal. *E.g., Int'l Union of Bricklayers Allied Craftsman v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985) ("We will not … review an issue not raised below unless necessary to prevent manifest injustice.").

We AFFIRM the district court's dismissal for lack of subject matter jurisdiction.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Gallik does not dispute that, to the extent her claims rest solely on allegations of whistleblowing retaliation, the district court properly dismissed the case for lack of subject matter jurisdiction. The parties agree that Gallik was an employee covered by the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 1101 *et seq.* (2000). Under 5 U.S.C. § 1221(a), an employee who was retaliated against by her employer for whistleblowing activities, "may … seek corrective action from the Merit Systems Protection Board" (MSPB). Judicial review of whistleblowing claims is only permitted pursuant to an order from the MSPB. *See* 5 U.S.C. § 1221(h).